STEVEN S. ALM
United States Attorney

ELLIOT ENOKI
First Assistant U.S. Attorney

MARSHALL H. SILVERBERG
Assistant United States Attorney
PJKK Federal Building
300 Ala Moana Blvd., Room 6100
Honolulu, HI 96850
Telephone: (808)541-2850

EDWARD E. GROVES
Trial Attorney
U.S. Department of Justice, Tax Division
950 Pennsylvania Avenue, N.W., Room 4132
Washington, D.C. 20530
Telephone: (202) 514-5193

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 2 2001

at ___ o'clock and ___ min. ___ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>ROBERTA L.K. CABRAL,       (02)<br><br>       Defendant. | CR. NO. 00-00192 DAE<br><br>THIRD SUPERSEDING INDICTMENT<br><br>Counts 1-8: 18 U.S.C. §§ 1343 and 2 (wire fraud and aiding and abetting wire fraud);<br>Counts 9-10: 26 U.S.C. § 7201 (evasion of payment);<br>Count 11: 26 U.S.C. § 7203 (failure to file);<br>Count 12: 42 U.S.C. § 408(a)(7)(B) (false representation of a Social Security number) |
|---|---|

THIRD SUPERSEDING INDICTMENT

<u>COUNTS 1-8</u>
(18 U.S.C. §§ 1343 and 2)
(wire fraud and aiding and abetting wire fraud)

The Grand Jury charges:

At all times material to this Indictment:

I.  **INTRODUCTION**

1. Unity House, Inc. (hereinafter "Unity House") was a non-profit corporation established under the laws of the State of Hawaii. A.R. was President of Unity House. J.W. was Executive Director of Unity House. A.R. and J.W. are not defendants in this Indictment.

2. Diamond Head Group, Inc., doing business as DeFalco West Advertising (hereinafter "DeFalco West Advertising"), was a corporation established under the laws of the State of Nevada. M.L. was President of DeFalco West Advertising and he is not a defendant in this Indictment.

3. DeFalco Pacific Advertising, Inc. (hereinafter "DeFalco Pacific"), was a corporation established under the laws of the State of Hawaii. Defendant ROBERTA L.K. CABRAL (hereinafter "CABRAL") was the President of DeFalco Pacific.

4. Heavenly Road Productions, Inc., was a corporation established under the laws of the State of California. M.L. was President of Heavenly Road Productions, Inc.

II. **THE SCHEME TO DEFRAUD UNITY HOUSE**

5. From on or about a date between March 23, 1994, and April 4, 1994, with the exact date unknown to the Grand Jury,

and continuing thereafter to October 31, 1996, in the District of Hawaii and elsewhere, CABRAL and Roderick Rodriguez (who was a defendant in an earlier version of this Indictment) knowingly devised and intended to devise a scheme to defraud Unity House by having Unity House fund a one-hour television movie (eventually titled "Heavenly Road"), which would later be used as the basis for a proposed television series called "Blue Hawaii," such that CABRAL would receive a kickback of $150,000 from the funding of the project without disclosing that information to Unity House.

### III. THE MANNER AND METHOD OF EXECUTING THE SCHEME

6.  It was a part of the scheme to defraud Unity House that CABRAL and Rodriguez persuaded M.L. to "pad" the budget of "Heavenly Road" in order to conceal from the Unity House Board of Directors and its relevant committees such as the Administrative and Finance Committees that CABRAL would receive a kickback of $150,000. It was a material omission to fail to disclose to the Unity House Board of Directors and its relevant committees of the plan for CABRAL to get a kickback of $150,000.

7.  It was a part of the scheme to defraud Unity House that a memorandum dated April 4, 1994 was prepared on behalf of A.R. that was addressed to Unity House's Administrative Committee that stated that the budget for the proposed movie should be increased by $100,000 so that DeFalco West Advertising would be able to pay full union scale wages as workers would get on any other movie project.

8. It was further a part of the scheme to defraud Unity House that on or about April 11, 1994, DeFalco West Advertising gave DeFalco Pacific $20,000. On or about April 18, 1994, CABRAL transferred $15,000 of that $20,000 to the bank account of Robbie Cabral & Associates which was controlled by CABRAL.

9. It was further a part of the scheme to defraud Unity House that on or about May 9, 1994, DeFalco West Advertising gave DeFalco Pacific $5,000. On or about May 9, 1994, CABRAL transferred $3,000 of that $5,000 to the bank account of Robbie Cabral & Associates which was controlled by CABRAL.

10. It was further a part of the scheme to defraud Unity House that RODRIGUEZ assisted M.L. in 1995 in the preparation of requests for additional funds from Unity House to transform "Heavenly Road" into a syndicated television series, including the documents identified in Counts 1 through 4 of this Third Superseding Indictment.

11. It was further a part of the scheme to defraud Unity House that after M.L. received additional funds from Unity House in 1995 to try and transform "Heavenly Road" into a television series, CABRAL repeatedly telephoned M.L. and his associate, D.J., in an effort to obtain more of the $150,000 of the kickback money owed to her.

12. It was further a part of the scheme to defraud Unity House that CABRAL assisted M.L. in trying to obtain

4

financing to transform "Heavenly Road" into a syndicated television series, including faxing the document identified in Count 5 of this Third Superseding Indictment.

13. It was further a part of the scheme to defraud Unity House that Rodriguez helped M.L. develop a story line that would transform the movie "Heavenly Road" into a television show called "Blue Hawaii," including faxing the documents identified in Counts 6 through 8 of this Third Superseding Indictment.

14. It was further a part of the scheme to defraud Unity House that CABRAL agreed to assist Rodriguez in avoiding the payment of income taxes by using the $150,000 kickback that she anticipated receiving in order to pay the federal income taxes on the total commissions that she had received and shared with Rodriguez from a $10 million Unity House investment in prime bank notes with North Pacific Investments, Inc.

### IV. THE USE OF THE WIRES IN FURTHERANCE OF THE SCHEME TO DEFRAUD UNITY HOUSE

15. On or about the dates set forth below, in the District of Hawaii and elsewhere, and in order to execute and attempt to execute the scheme to defraud Unity House, and in order to aid and abet that scheme to defraud Unity House, defendant ROBERTA L.K. CABRAL knowingly and intentionally transmitted, caused to be transmitted, and aided and abetted in the transmission by means of wire in interstate commerce, wirings, signs, signals, pictures, and sounds, that is, by

telephone facsimile, with each transmission constituting a separate count of this Indictment:

| COUNT | DATE | SENDER | RECIPIENT | ITEM TRANSMITTED |
|---|---|---|---|---|
| 1 | 05/09/95 | M.L. (in Calif) | A.R. (in Hawaii) | A memorandum requesting the disbursement of $25,472.61 from Unity House to M.L. |
| 2 | 05/18/95 | M.L. (in Calif) | J.W. (in Hawaii) | A memorandum requesting the disbursement of $12,078.21 from Unity House to M.L. |
| 3 | 06/06/95 | M.L. (in Calif) | J.W. (in Hawaii) | A letter requesting the disbursement of $12,270.87 |
| 4 | 06/14/95 | M.L. (in Calif) | J.W. (in Hawaii) | A memo requesting the disbursement of $2,613.35 |
| 5 | 08/04/95 | CABRAL (in Hawaii) | M.L. & S.L. (in Calif.) | A transmittal that forwarded a letter that CABRAL received from B.G. regarding her efforts to obtain financing to transform "Heavenly Road" into a television series |
| 6 | 09/05/95 | RODRIGUEZ (in Hawaii) | M.L. (in Calif.) | A memorandum regarding assistance in having the movie "Heavenly Road" transformed into a series |
| 7 | 04/29/96 | RODRIGUEZ (in Hawaii) | M.L. (in Calif.) | A document that edited "Blue Hawaii: A Proposal for Global Presentation of an Episodic Television and Multimedia Marketing Effort" |
| 8 | 04/30/96 | RODRIGUEZ (in Hawaii) | M.L. (in Calif.) | A memorandum and attachments regarding the revised proposal for M.L. to present for the proposed new television series "Blue Hawaii" |

All in violation of Title 18, United States Code, Sections 1343 and 2.

### COUNT 9
(26 U.S.C. § 7201)
(evasion of payment)

The Grand Jury further charges:

1. Paragraphs 1 through 14 of Counts 1 through 8 of this Third Superseding Indictment are incorporated herein by reference as if fully set forth herein.

2. On or about October 14, 1994, the Internal Revenue Service (IRS) of the United States Department of the Treasury recorded a tax lien with the Honolulu Bureau of Conveyances which stated that defendant ROBERTA L.K. CABRAL owed $109,973.61 in taxes for the calendar year ending December 31, 1993.

3. Because the scheme to defraud Unity House described in Counts 1 through 8 of this Third Superseding Indictment was mostly unsuccessful (that is, defendant CABRAL received only $25,000 of the $150,000 kickback that she anticipated receiving from the scheme to defraud Unity House), and because defendant CABRAL was concerned that any future income she received would be garnished by the IRS to satisfy the above-referenced tax lien, defendant CABRAL endeavored to evade and defeat the payment of the taxes she owed for 1993 by concealing her future income from the IRS by: (a) establishing a Hawaii limited liability company called Honua Group through a nominee who has the initials K.F., without identifying herself on the documents establishing Honua Group with the State of Hawaii as

being a manager, co-manager, or member of Honua Group; (b) opening First Hawaiian Bank checking account number 10-041996 on November 14, 1997, under the name Honua Group, L.L.C., with only herself and not K.F. having signature authority to disburse funds from that account; (c) using her brother's social security number to open the Honua Group checking account; and (d) subsequently causing the deposit and withdrawal of monies from the Honua Group, L.L.C. checking account to pay personal expenses, thereby hiding assets that the Internal Revenue Service could have garnished to collect her self-assessed income tax liability for the calendar year 1993.

4.   From on or about July 2, 1997, and continuing thereafter until a date unknown to the Grand Jury but at least until August 29, 2000, in the District of Hawaii, defendant ROBERTA L.K. CABRAL, after having filed on May 3, 1994, a Form 1040 individual federal income tax return for the tax year 1993 with a tax liability of $108,091.00 in total taxes due to the United States of America, did willfully attempt to evade and defeat the payment of that income tax due and owing by her to the United States of America for the calendar year 1993 by: (a) establishing a Hawaii limited liability company called Honua Group through a nominee who has the initials K.F., without identifying herself on the documents establishing Honua Group with the State of Hawaii as being a manager, co-manager, or member of Honua Group; (b) opening a First Hawaiian Bank checking account on November 14, 1997, under the name Honua Group, L.L.C.,

with only herself and not K.F. having signature authority to disburse funds from that account; (c) using her brother's social security number to open the Honua Group checking account; and (d) subsequently causing the deposit and withdrawal of monies from the Honua Group, L.L.C. checking account to pay personal expenses, thereby hiding assets that the Internal Revenue Service could have garnished to collect her self-assessed income tax liability for the calendar year 1993.

All in violation of Title 26, United States Code, Section 7201.

### COUNT 10
(26 U.S.C. § 7201)
(evasion of payment)

The Grand Jury further charges:

1. Paragraphs 1 through 14 of Counts 1 through 8 of this Third Superseding Indictment are incorporated herein by reference as if fully set forth herein.

2. On or about October 20, 1994, the Internal Revenue Service (IRS) of the United States Department of the Treasury recorded a tax lien with the Honolulu Bureau of Conveyances which stated that defendant ROBERTA L.K. CABRAL owed $8,684.09 in taxes for the calendar year ending December 31, 1992.

3. Because the scheme to defraud Unity House described in Counts 1 through 8 of this Third Superseding Indictment was mostly unsuccessful (that is, defendant CABRAL received only $25,000 of the $150,000 kickback that she anticipated receiving from the scheme to defraud Unity House),

9

and because defendant CABRAL was concerned that any future income she received would be garnished by the IRS to satisfy the above-referenced tax lien, defendant CABRAL endeavored to evade and defeat the payment of the taxes she owed for 1992 by concealing her future income from the IRS by: (a) establishing a Hawaii limited liability company called Honua Group through a nominee who has the initials K.F., without identifying herself on the documents establishing Honua Group with the State of Hawaii as being a manager, co-manager, or member of Honua Group; (b) opening First Hawaiian Bank checking account number 10-041996 on November 14, 1997, under the name Honua Group, L.L.C., with only herself and not K.F. having signature authority to disburse funds from that account; (c) using her brother's social security number to open the Honua Group checking account; and (d) subsequently causing the deposit and withdrawal of monies from the Honua Group, L.L.C. checking account to pay personal expenses, thereby hiding assets that the Internal Revenue Service could have garnished to collect her self-assessed income tax liability for the calendar year 1992.

    4.    From on or about July 2, 1997, and continuing thereafter until a date unknown to the Grand Jury but at least until August 29, 2000, in the District of Hawaii, defendant ROBERTA L.K. CABRAL, after having filed on July 2, 1994, a Form 1040 individual federal income tax return for the tax year 1992 with a tax liability of $6,195.00 in total taxes due to the United States of America, did willfully attempt to evade and

defeat the payment of that income tax due and owing by her to the United States of America for the calendar year 1992 by: (a) establishing a Hawaii limited liability company called Honua Group through a nominee who has the initials K.F., without identifying herself on the documents establishing Honua Group L.L.C. with the State of Hawaii as being a manager, co-manager, or member of Honua Group; (b) opening First Hawaiian Bank checking account number 10-041996 on November 14, 1997, under the name Honua Group, L.L.C., with only herself and not K.F. having signature authority to disburse funds from that account; (c) using her brother's social security number to open the Honua Group checking account; and (d) subsequently causing the deposit and withdrawal of monies from the Honua Group, L.L.C. checking account to pay personal expenses, thereby hiding assets that the Internal Revenue Service could have garnished to collect her self-assessed income tax liability for the calendar year 1992.

All in violation of Title 26, United States Code, Section 7201.

## COUNT 11
(26 U.S.C. § 7203)
(failure to file)

The Grand Jury further charges:

1. Paragraphs 1 through 14 of Counts 1 through 8 of this Third Superseding Indictment are incorporated herein by reference as if fully set forth herein.

2. In calendar year 1994, defendant ROBERTA L.K. CABRAL earned as income the $25,000 referred to in paragraphs 8

and 9 of Counts 1 through 8 of this Indictment. In addition, during 1994 defendant CABRAL earned more than $50,000 in commissions from North Pacific Investments, Inc. Defendant CABRAL'S gross income was in excess of $75,000 for 1994.

3. That during the calendar year 1994, in the District of Hawaii, defendant ROBERTA L.K. CABRAL, then a resident of Honolulu, Hawaii, received gross income ($8,050.00 or more) such that the law required her to file with the Internal Revenue Service a federal income tax return on or before April 15, 1995, and defendant ROBERTA L.K. CABRAL instead willfully failed to file a federal individual income tax return on or before that date.

All in violation of Title 26, United States Code, Section 7203.

### COUNT 12
(42 U.S.C. § 408(a)(7)(B))
(false representation of a Social Security number)

The Grand Jury further charges:

1. Paragraphs 2 through 3 of Counts 9 and 10 of this Third Superseding Indictment are incorporated herein by reference.

2. On or about the end of November 1997, or the beginning of December 1997, with the exact date unknown to the Grand Jury, in the District of Hawaii, defendant ROBERTA L.K. CABRAL, for the purpose of concealing her ownership of the assets of Honua Group L.L.C.'s checking account at First Hawaiian Bank, account number 10-041996, and with the intent to deceive,

12

falsely represented to First Hawaiian Bank that Social Security number 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, as issued by the Commissioner of Social Security of the United States of America, belonged to Honua Group when in truth and in fact, as defendant CABRAL well knew, Social Security number 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 was not assigned to Honua Group or herself by the Commissioner of Social Security of the United States of America.

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

Dated:  3/22/01  , 2001, at Honolulu, Hawaii.

A TRUE BILL.

/s/
_____
FOREPERSON, GRAND JURY

_____
STEVEN S. ALM
United States Attorney
District of Hawaii

_____
ELLIOT ENOKI
First Assistant U.S. Attorney

_____
MARSHALL H. SILVERBERG
Assistant U.S. Attorney

_____
EDWARD E. GROVES
Trial Attorney, Tax Division
U.S. Department of Justice

USA v. ROBERTA L.K. CABRAL, "Third Superseding Indictment" - Cr. No. 00-00192-02 DAE